**RIST LAW OFFICE, LC**
Thomas A. Rist (SBN 238090)
2221 Camino Del Rio South, Suite 300
San Diego, CA 92108
(619) 377-4660
tom@sdvictimlaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRIN ALONZO, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| VAIL RESORTS, INC., a Delaware Corporation, and DOES 1 through 10, inclusive, | 1) Negligence |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff Shirin Alonzo alleges as follows:

## **INTRODUCTION**

1. This is an action for personal injuries arising from an incident that occurred at Heavenly Ski Resort on January 20, 2019. On that date, Plaintiff was waiting to board a ski lift when the lift chair was allowed negligently swing around at a high rate of speed and struck the

Plaintiff with forceful impact on her left knee causing complete dislocation of her left knee, which led to multiple serious injuries and damages.

## PARTIES

2. Vail Resorts, Inc. is a Delaware corporation with their principal place of business in the State of Colorado.

3. Shirin Alonzo is a resident of San Diego County, California.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5. Plaintiff is informed and believes and based thereupon alleges that, at all times herein mentioned, each and every defendant herein was the agent of each and every other defendant and, in doing the things hereinafter alleged, was acting in the course and scope of such agency. Plaintiff further alleges that each defendant knowingly and willfully conspired, agreed and combined to commit the acts herein alleged and ratified, condoned and approved the actions of each and every other defendant.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds $75,000, inclusive of interest and costs and is between citizens of different States.

7. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. §1391(b) because the incident giving rise to this claim occurred in South Lake Tahoe, California.

## FACTS

8. On January 20, 2019, Plaintiff Shirin Alonzo was snowboarding at Heavenly Mountain Resort ("Heavenly") located in Lake Tahoe, California.

9. Heavenly is owned and operated by Defendant.

10. At the time of the incident underlying this complaint, Defendant was considered a common carrier pursuant to California Civil Code § 2168 and *Squaw Valley Ski Corporation v. Superior Court*, 2 Cal.App.4th 1499, 1508 (1992).

11. At the time of the incident, Plaintiff was waiting in line at a ski lift called "Patsy."

12. The ski lift was only being operated by single person at the time of the incident underlying this Complaint.

13. The operator negligently allowed the ski lift chair to swing around at a high rate of speed without slowing the lift chair or providing any warning to Plaintiff.

14. The chair then struck Plaintiff with such force that it completely dislocated her left knee, among other injuries.

15. At all times mentioned herein, the lift operator of the "Patsy" lift was an agent acting within the course and scope of his employment with Defendant.

16. As a direct result of the negligence and careless actions of Defendant, Plaintiff was harmed and has suffered severe and permanent injuries as well as having sustained other damages to be proven at trial.

## **FIRST CAUSE OF ACTION – NEGLIGENCE**

17. All preceding paragraphs are incorporated hereunder.

18. At the time of this incident Defendant was considered a common carrier pursuant to California Civil Code § 2168 and *Squaw Valley Ski Corporation v. Superior Court*, 2 Cal.App.4th 1499, 1508 (1992).

19. As such, California Civil Code § 2100 required Defendant, as a common carrier, to use the "utmost care and diligence" as well as exercising "a reasonable degree of skill" in providing transport to Plaintiff.

20. The elevated standard of care requires common carriers, such as Defendant, "to do all that human care, vigilance, and foresight reasonably can do under the circumstances." *Lopez v. Southern Cal. Rapid Transit Distr.* (1985) 40 Cal.3d 780, 785.

21. Here, Defendant was negligent in the operation of the ski lift as the lift chair was being operated by only a single operator. The operator allowed the lift chair to swing around at such a high rate of speed that the chair dislocated Plaintiff's left knee when it struck her. Additionally, the lift chair operator additionally failed to warn Plaintiff of the rapidly approaching chair and failed to use a reasonable degree of skill in operating said chair lift.

22. Defendant knew that operation of this type of chair lift by a single operator was negligent and a clear failure to use reasonable care.

23. Defendant had a duty to safely operate the chair lift. This duty was breached through the negligent, careless and unreasonable operation of the chair lift.

24. Upon information and belief, Defendant was negligent in the hiring and training of employees on the safe operation of this chair lift. Defendant owed a duty to Plaintiff to safely operate the chair lift and to properly train employees, and this duty was breached through the negligent operation of the chair lift.

25. The negligent operation of the chair lift caused serious damages to Plaintiff.

26. Since the time of the incident, Plaintiff has undergone surgery and painful physical therapy in an effort to recover from her injuries.

27. Plaintiff's injuries are permanent in nature and she continues to suffer from pain and decreased functionality in her left knee.

28. As a result of Defendants' negligence, Plaintiff has suffered damages including past and future medical bills, lost wages, pain and suffering, and other compensatory damages allowed by law in an amount in excess of $75,000.

## **PRAYER**

Plaintiff prays for judgement against Defendants, and each of them, as follows:

1. General damages in an amount to be proven at trial;
2. Special damages in an amount to be proven at trial;
3. Compensatory damages in an amount to be proven at trial;
4. Prejudgment Interest according to law;
5. For costs of suit incurred herein; and
6. For such other and further relief as this Court deems just and proper.

Dated:  December 17, 2020                    Respectfully submitted,

**RIST LAW OFFICE, LC**

By: _____
Thomas A. Rist, Attorney for
Plaintiff Shirin Alonzo

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated:  December 17, 2020                    Respectfully submitted,

**RIST LAW OFFICE, LC**

By: _____
Thomas A. Rist, Attorney for
Plaintiff Shirin Alonzo