**RIST LAW OFFICE, LC**
Thomas A. Rist (SBN 238090)
2221 Camino Del Rio South, Suite 300
San Diego, CA 92108
Tel: (619) 377-4660
Email: tom@sdvictimlaw.com

Attorney for Plaintiff Shirin Alonzo

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Steven R. Parminter (SBN 90015)
Gregory K. Lee (SBN 220354)
555 S. Flower Street, Suite 2900
Los Angeles, CA 90071
Tel: (213) 443-5100
Fax: (213) 443-5101
Email: steven.parminter@wilsonelser.com
Email: gregory.lee@wilsonelser.com

Attorneys for Defendant Heavenly Valley, LP

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRIN ALONZO, <br><br> Plaintiff, <br><br> v. <br><br> HEAVENLY VALLEY, LP a Colorado Limited Partnership, and DOES 1-10, inclusive, <br><br> Defendant. | Case No.: 2:20-cv-02506-JAM-DB <br> Judge: Hon. John A. Mendez <br><br> **STIPULATED PROTECTIVE ORDER** |

Plaintiff Shirin Alonzo ("Plaintiff") and Defendant Heavenly Valley, LP ("Defendant") (collectively the "Parties") by and through their undersigned attorneys of record hereby agree as follows:

WHEREAS, in her discovery requests, Plaintiff has requested documents from Defendant that Defendant considers to contain confidential, proprietary, trade secret, or other sensitive information notwithstanding that such documents may have some relevance to the litigation. Defendant is willing to produce responsive confidential, proprietary and trade secret documents provided that such documents are protected from unauthorized and/or unnecessary disclosure. Therefore, the Parties agree to enter into this Stipulated Protective Order.

The Parties acknowledge that during this litigation there may be additional confidential documents or information sought by one party from the opposing party that must be protected from unnecessary and/or unauthorized disclosure, so it is hereby agreed that this Stipulated Protective Order shall cover all confidential information produced by either party in this case;

IT IS THEREFORE STIPULATED, pending further order of the Court, that the following procedures designed to ensure the protection of confidential information shall govern all forthcoming pre-trial discovery proceedings, applicable to any production from this date forward, subject to Federal Rule of Civil Procedure 26(c)(1):

1. Any party, before providing documents in discovery, may designate the material as "Confidential" under this Stipulated Protective Order by prominently marking it as "Confidential."

2. A party seeking to designate as "Confidential" any document shall notify the other party by labeling the document as "Confidential" on the face of the document when it is produced, or for certain native files, indicating that it is "Confidential" in the file name.

3. Except persons and entities listed in paragraph 6 below, documents or

other information designated as subject to this Protective Order shall not be disclosed or shown to any other person or entity unless or until the receiving side wishing to make such disclosure informs the disclosing side and gives them a reasonable time to object of not less than thirty (30) calendar days. In the event of objection, the parties' respective counsel of record will make a good faith effort to resolve the dispute informally before filing any motion with the above-entitled Court relating to said dispute. If an objection is made in writing, the document shall not be disclosed until the Court has issued a decision determining that disclosure of the document is necessary.

4. A party may also designate as "Confidential" any information set forth in the transcript of any deposition of a party in this action, by identifying the material sought to be kept confidential before the transcript is finalized, and by arranging for appropriate treatment of the confidential portions of the transcript.

5. Social Security numbers and HIPAA information may be redacted from any document produced.

6. Any document designated as "Confidential" may be shown, or its contents disclosed only to the following persons:

    (a) Counsel of record in this action and counsel's agents and employees;

    (b) Any expert witness, consultant, person intended to be called as a witness, or person who is retained by counsel of record to assist in the preparation and/or trial of this case;

    (c) The parties to this action;

    (d) The Court and its personnel; and

    (e) The Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation.

7. "Confidential" information designated as subject to this Stipulated Protective Order or any information derived therefrom shall be used solely in

**STIPULATED PROTECTIVE ORDER**
255472063v.1

connection with this litigation, and shall not be used in connection with:

    (a)    Any other litigation or disputes; or

    (b)    Any competitive or business purpose whatsoever.

8. The parties' respective counsel of record each agree to ensure compliance with this Stipulated Protective Order, and shall ensure that any persons referred to in paragraphs 6 (b), (c), and (e) of this Stipulated Protective Order who receive information designated as "Confidential" pursuant to this Stipulated Protective Order shall first read a copy of this Stipulated Protective Order and shall sign the Acknowledgment and Agreement to be Bound agreeing to abide by the terms thereof. A copy of the Acknowledgment and Agreement to be Bound is attached hereto as Exhibit "A" and made a part hereof.

9. The parties enter into this Stipulated Protective Order without prejudice to any party's right to object to classification of any document as "Confidential," and any party or non-party may, upon motion, seek relief from, or modification of, this Stipulated Protective Order based on a showing of good cause.

10. Any inadvertent disclosures of "Confidential" information by a disclosing party shall not be deemed a waiver of the disclosing party's right to subsequently designate information as confidential.

11. If there is a disagreement on any issue related to the Stipulated Protective Order, including, but not limited to, the classification of a document or information as "Confidential," the parties shall first meet and confer in good faith in an effort to informally resolve the issue, and if such meet and confer efforts are unable to resolve the issue, shall cooperate in promptly setting the matter for a conference call with the district court judge assigned to this case, or if he or she is not available, the magistrate judge. Thereafter, any unresolved disputes shall be resolved in accordance with the Federal Rules of Civil Procedure and the applicable Local Rules of the United States District Court for the Eastern District

**STIPULATED PROTECTIVE ORDER**
255472063v.1

of California.   The party designating any document or information as "Confidential" shall have the burden of proof in any proceeding or motion brought by any party to enforce or interpret this Stipulated Protective Order.

12. If "Confidential" documents or information are improperly disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the party responsible for the disclosure must immediately inform the other party in writing regarding all pertinent facts relating to the unauthorized disclosure, including, but not limited to, the name and address of each person to whom unauthorized disclosure was made.  The party responsible for the unauthorized disclosure shall promptly ensure that all "Confidential" documents or information that have been improperly disclosed are destroyed and/or returned, and shall certify the same in writing to the other party.

13. The parties agree that, prior to commencement of trial, they will meet and confer in good faith regarding mutually agreeable stipulations and protective orders with respect to any confidential information to be disclosed during trial. Any party intending to utilize any confidential information designated as confidential in a law and motion matter or at trial should lodge the document under seal so as to preserve its confidentiality pending the Court's determination regarding what safeguards should be utilized if the confidential information is to be considered as evidence.

14. Upon final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall:

(a) Assemble and return all material designated as "Confidential" under this Stipulated Protective Order, including all copies thereof, to the producing party and certify in writing that all such material has been returned; and

(b) Certify in writing that any such remaining material has been destroyed.

15. If any person breaches this Stipulated Protective Order, that person

5

shall be provided with notice by fax or email regarding such breach, and shall be provided an opportunity to cure such breach within seven (7) days of receipt of such notice. If the person has not cured such breach within the seven (7) day period, a noticed motion and/or ex parte application may be brought to the United States District Court for the Eastern District requesting appropriate equitable relief and monetary damages, and discovery and contempt sanctions, if applicable. The Court in its discretion may also award attorney's fees and costs.

16. All parties to this Stipulated Protective Order have participated in drafting the Order.

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective for the case of *Shirin Alonzo v. Heavenly Valley, LP* U.S.D.C. E.D. Cal. Case No. 2:20-cv-02506-JAM-DB.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ____ [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:

City and State where sworn and signed:

Printed name:

Signature:

7
**STIPULATED PROTECTIVE ORDER**
255472063v.1

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 | Dated: June 21, 2021 | RIST LAW OFFICE, LC |
| 3 |  |  |
| 4 |  | By: /s/ *Thomas A. Rist* |
| 5 |  | Thomas A. Rist<br>Attorneys for Plaintiff,<br>SHIRIN ALONZO |
| 6 |  |  |
| 7 | Dated: June 21, 2021 | WILSON ELSER MOSKOWITZ<br>     EDELMAN & DICKER LLP |
| 8 |  |  |
| 9 |  | By: /s/ *Gregory K. Lee* |
| 10 |  | Steven R. Parminter<br>Gregory K. Lee<br>Attorneys for Defendant,<br>HEAVENLY VALLEY, LP |

## **ORDER**

Pursuant to the stipulation of the parties herein and good cause appearing, the parties' stipulated protective order is approved. Accordingly, IT IS HEREBY ORDERED that the above protective order is issued.

IT IS SO ORDERED.

Dated: June 21, 2021            /s/ John A. Mendez
                                THE HONORABLE JOHN A. MENDEZ
                                UNITED STATES DISTRICT COURT JUDGE

**STIPULATED PROTECTIVE ORDER**
255472063v.1