Steven R. Parminter (SBN: 90115)
Gregory K. Lee (SBN: 220354)
John J. Immordino (SBN: 93874)
**WILSON, ELSER, MOSKOWITZ,**
 **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Defendant, HEAVENLY VALLEY, LP.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRIN ALONZO, <br><br> Plaintiff, <br><br> v. <br><br> HEAVENLY VALLEY, LP a Colorado Limited Partnership, and DOES 1-10, inclusive <br><br> Defendant. | Case No.: 2:20-cv-02506-JAM-DB <br> Judge: Hon. John A. Mendez <br><br> STIPULATION FOR PHYSICAL EXAMINATION AND ORDER |

Plaintiff, SHIRIN ALONZO, and Defendant, HEAVENLY VALLEY, LP ("HEAVENLY VALLEY"), by and through their respective attorneys of record, hereby stipulate as follows:

1.   Plaintiff, SHIRIN ALONZO, may be examined, on behalf of Defendant, HEAVENLY VALLEY, LP, by Ronald S. Kvitne M.D.;

2.   The examination will concern the physical conditions of Plaintiff, SHIRIN ALONZO, that are in controversy in this action, specifically, the plaintiff's claimed physical injuries involving her left leg, left knee, right knee

STIPULATION FOR PHYSICAL EXAMINATION OF PLAINTIFF

1  and left hip, as well as the plaintiff's claims for future treatment regarding such
2  alleged physical injuries.

3       3.      The examination is scheduled for August 30, 2022 at 3:30 p.m. at the
4  offices of Ronald S. Kvitne M.D., which are located at Tustin PT Specialists,
5  15000 Kensington Park Dr., Unit 110, and Tustin, CA 92606.

6       4.      The examination shall be conducted by Dr. Ronald S. Kvitne, who is
7  licensed by the State of California as a physician and Board Certified in
8  Orthopedic Medicine.  The examination by Dr. Ronald S. Kvitne will include the
9  following:

10           a.      A short history of the subject incident as it pertains to the
11  mechanism of the injuries complained of.

12           b.      A prior and subsequent history as it pertains to complaints or
13  injuries that involve the same body part(s) claimed to have been injured in the
14  subject incident.

15           c.      A history of any consultation or examination or treatment from
16  any health care provider for any injury attributable to the incident.

17           d.      Information from the patient as to any past or present
18  complaints attributable to the incident, involving a description of each complaint.

19           e.      A complete examination of the body parts that plaintiff alleges
20  were injured in the incident.

21           f.      The examination will not include any diagnostic test or
22  procedure which is painful, protracted, or intrusive.

23       5.      Plaintiff may be accompanied by her attorney or other representative
24  to observe the examination.

25       6.      A certified shorthand reporter may report the examination.

26       7.      No other persons other than Plaintiff, Plaintiff's representative, the
27  court reporter, the defense medical examiner and the defense medical examiner's
28  staff are allowed to be present during the examination.

STIPULATION FOR PHYSICAL EXAMINATION OF PLAINTIFF
273459799v.1

8.      Any person assisting the defense medical examiner must be fully identified by full name and title to Plaintiff and on the court reporter's record.

9.      Plaintiff will not sign any paperwork or fill out any paperwork at the doctor's office, including but not limited to "patient information forms" or "consent forms" since Plaintiff is not a patient of the defense medical examiner. Further, Plaintiff may not be compelled to create any items of potential documentary evidence and will not fill out any charts, new patient records, forms or histories that may be requested or provided by the defense medical examiner.

10.     Defendant agrees that x-rays, MRIs, CAT Scans, and/or other diagnostic tests will not be allowed.

11.     Plaintiff will not provide the defense medical examiner with any identification information other than her full name and date of birth.

12.     Defendant agrees that the examination in this matter is limited to Plaintiff's physical medical condition. Plaintiff will not discuss the manner in which the underlying accident which gives rise to this litigation occurred, other than to describe it in general terms.

13.     Plaintiff will answer questions regarding injuries sustained in the incident which is the subject of this action, but will not allow Defendant's physician to take a medical history examination regarding any areas unrelated to this lawsuit.

14.     Defendant agrees that no mental examination will be allowed.

15.     Defendant agrees that their defense medical examiner will start the examination within thirty minutes of the scheduled time. If the examination does not start within that time frame, Defendant understands that Plaintiff will leave the IME and shall be reimbursed for all mileage in travelling to the defense medical examiner's office. Should this occur, Defendant reserves its right to seek Plaintiff's attendance at a subsequent scheduled examination informally and/or through a noticed motion with the above-entitled court.

16.     Defendant agrees that the total time for examination and testing will not exceed two hours. If any period of time exceeding twenty (20) minutes goes by where Plaintiff is not being examined by the defense medical examiner or defense medical examiner's staff, Plaintiff will be free to leave.

17.     The defense medical examiner must be provided a copy of this Stipulation.

18.     Defendant HEAVENLY VALLEY will bear all costs of the examination, subject to Paragraph 19 below.

19.     It is Plaintiff's responsibility to provide a minimum of 48-hour notice of cancellation of her IME to both the Defendant's counsel via written notice (i.e, e-mail, fax or personal service) and Dr. Ronald S. Kvitne's office via verbal notice at (626) 460-6214.  Should Plaintiff fail to comply with the minimum 48 hour notice policy, Defendant reserves its right to seek reimbursement of the full IME fee from Plaintiff informally and/or through a noticed motion with the above-entitled court.

/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////

STIPULATION FOR PHYSICAL EXAMINATION OF PLAINTIFF

273459799v.1

20.    Defendant agrees to produce a copy of Dr. Ronald S. Kvitne's written report, notes, and other documents related to the examination within 30 (thirty) days of the examination of Plaintiff.

Dated: July    , 2022           RIST LAW OFFICE L.C.

By: _____
    Thomas A. Rist
    Attorney for Plaintiff SHIRIN
    ALONZO

Dated: July 25, 2022          WILSON, ELSER, MOSKOWITZ,
               EDELMAN & DICKER LLP

By: _____
    Steven R. Parminter
    Gregory K .Lee
    John J. Immordino
    Attorneys for Defendant,
    HEAVENLY VALLEY, LP

STIPULATION FOR PHYSICAL EXAMINATION OF PLAINTIFF
273459799v.1

## <u>ORDER</u>

After consideration of the foregoing Stipulation and good cause appearing therefor,

IT IS SO ORDERED.

Dated:  July 25, 2022                                    /s/ John A. Mendez
                                                                   THE HONORABLE JOHN A. MENDEZ
                                                                   SENIOR UNITED STATES DISTRICT JUDGE

STIPULATION FOR PHYSICAL EXAMINATION OF PLAINTIFF
273459799v.1